Genevieve Park Taylor
**SOUND LEGAL LLC**
986 Essex Road, Unit 3
Westbrook, CT 06498
860-245-1555
genevieve@soundlegalct.com
*Attorney for Plaintiffs*
CT20824

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Civil Action No.: ________________

| | |
|---|---|
| MICHAEL GOODENOUGH, DARREN CUGNO, RICARDO SOTIL, NORMAN PLUDE and WELLS FARMING LLC<br><br>Plaintiffs,<br>v.<br><br>NED LAMONT, IN HIS OFFICIAL CAPACITY AS THE GOVERNOR OF THE STATE OF CONNECTICUT; WILLIAM TONG, OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF CONNECTICUT, PATRICK J. GRIFFIN, IN HIS OFFICIAL CAPACITY AS CHIEF STATE'S ATTORNEY FOR THE STATE OF CONNECTICUT AND BRYAN CAFFERELLI, IN HIS CAPACITY AS COMMISSIONER OF THE DEPARTMENT OF CONSUMER PROTECTION FOR THE STATE OF CONNECTICUT,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiffs, farmers and processors of hemp as hemp is defined by The Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill") and Connecticut's USDA approved Hemp Plan dated December 17, 2021 (the "CT Hemp Plan"), bring the instant action against Ned Lamont, in his official capacity as Governor of the State of Connecticut; William

Tong, in his official capacity as the Attorney General of the State of Connecticut, Patrick J. Griffin, in his official capacity as Chief State's Attorney and Bryan Cafferelli, in his capacity as Commissioner of the Department of Consumer Protection, seeking 1) a declaration that Connecticut must define hemp as set forth in the CT Hemp Plan and 2018 Farm Bill; 2) a declaration that Defendants must comply with the CT Hemp Plan as filed and permit Plaintiffs to grow and produce hemp as hemp is defined in the 2018 Farm Bill and the CT Hemp Plan; 3) to enjoin Defendants from preventing Plaintiffs from farming and manufacturing hemp grown in accordance with CT Hemp Plan and 2018 Farm Bill; and 4) to enjoin Defendants from impermissibly infringing upon the Plaintiffs' property rights in any licenses issued by the State of Connecticut related to the farming and production of hemp.

## INTRODUCTION

1. Plaintiffs are hemp farmers and hemp processers in the State of Connecticut as hemp is defined both under the CT Hemp Plan and the 2018 Farm Bill.

2. Plaintiff Michael Goodenough ("Goodenough") is a fifth-generation farmer and a combat veteran of the Marine Corps. Mr. Goodenough obtained a hemp license from the State of Connecticut, transitioning to hemp cultivation after the 2018 Farm Bill legalized hemp federally and Connecticut received approval for the CT Hemp Plan.

3. Plaintiff Darren Cugno ("Cugno") operates a small diversified organic farm in Colchester CT and has been farming hemp under a Connecticut issued hemp license for 6 seasons.

4. Plaintiff Ricardo Sotil ("Sotil") is a hemp extract processor who invested over a million dollars to obtain equipment in order to process hemp under a hemp processing license.

5. Plaintiff Norman Plude ("Plude") started his hemp farm in 2019, farming hemp under his Connecticut hemp license on 9 acres, presently reduced to only 400 square feet.

6. Plaintiff Wells Logging LLC ("Wells") was founded by the son of a Connecticut dairy farmer and presently runs the largest Connecticut licensed hemp farm.

7. Each Plaintiff received a license from the State of Connecticut pursuant to the 2018 Farm Bill and CT Hemp plan to farm and produce hemp as hemp defined by both the CT Hemp Plan and the 2018 Farm Bill.

8. The 2018 Farm Bill permits the cultivation, extraction, and manufacture of hemp and hemp-derived cannabinoids with a Delta 9 THC limit of 0.3%. "For the purposes of 7 CFR part 990, and as defined in the 2018 Farm Bill, the term 'hemp' means the plant species Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether farming or not, **with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.** Delta-9 tetrahydrocannabinol, or THC, is the primary intoxicating component of cannabis." Federal Register / Vol. 86, No. 11 / Tuesday, January 19, 2021 / Rules and Regulations. Pg 5597.

9. Section 297B (7 U.S.C. 1639p) of the 2018 Farm Bill requires that states or Indian tribes seeking primary regulatory authority over the production of hemp in that State or territory of that Indian Tribe, submit, for the approval of the Secretary, a plan concerning the monitoring and regulation of such hemp production. State or Tribal plans must be submitted to USDA and approved prior to their implementation. See Federal Register / Vol. 86, No. 11 / Tuesday, January 19, 2021 / Rules and Regulations. Pg 5597.

10. The USDA has adopted the 2018 Farm Bill definition of hemp Federal Register / Vol. 86, No. 11 / Tuesday, January 19, 2021 / Rules and Regulations. Pg 5614.

11. Even before the enactment of the 2018 Farm Bill, Connecticut took steps to allow the farming of hemp Below is the history of legalized hemp farming in Connecticut:

**2014 – Feasibility Study**

- **HB 5476** was enacted as **Public Act No. 14-191**, directing Connecticut's Departments of Agriculture, Consumer Protection, and Economic & Community Development to study the feasibility of legalizing the possession, production, and sale of industrial hemp and devise a licensing system. The report was due by January 1, 2015.

**2015 – Legalization of Hemp**

- **HB 5780**, codified as **Public Act 15-202**, took effect on July 1, 2015. This removed industrial hemp from the state's definition of marijuana, effectively legalizing it under state law. It passed overwhelmingly—142–2 in the House, 36–0 in the Senate—and became law without the governor's signature.

**2019 Pilot Program Implementation**

- **SB 893**, signed as **Public Act 19-3** on May 9, 2019 established Connecticut's industrial hemp pilot program. It authorized the Departments of Agriculture and Consumer Protection to license growers, processors, and manufacturers.

**2022 Federal Alignment and USDA Approval (2022)**

- In January 2022, under the requirements of the 2018 Farm Bill, the USDA approved Connecticut's Hemp Plan (CT Hemp Plan), attached hereto as **Exhibit A.**
- Connecticut has never modified or amended the CT Hemp Plan.

**2023-2025 Abrogation of Federal Law**

- **2023 – HB 6699, enacted as Public Act 23-79** (effective October 1, 2023): Introduced classifications for high-THC hemp, with thresholds varying by product type (e.g., flower, tinctures, edibles, concentrates), in violation of the 2018 Farm Bill and the CT Hemp Plan.
- **2023 – HB 6700, enacted as Public Act 23-166**: Allowed hemp-derived products to be sold through cannabis dispensaries and hybrid retailers, in violation of the 2018 Farm Bill and the Approved Plan.
- **2024- HB 5150, enacted as Public Act 24-76**:
    a) Banned synthetic cannabinoids.
    b) Re-defined high-THC hemp to include not only flower (over 0.3 % of ANY THC dry weight) and concentrates, but also manufacturer products like edibles and tinctures (1 mg/serving up to 5 mg/container).
    c) Created two new categories:

    - **Moderate-THC hemp**, limited (0.5 mg–5 mg/container, excluding beverages), which can only be sold by DCP-certified businesses and only to adults aged 21+ starting **January 1, 2025**;
    - **Infused Beverages** (≤ 3 mg THC per 12 oz container), made by permitted licensees and sold only at licensed dispensaries or retailers to 21+ individuals.
- **2025 - Public Act 25-101** – enacted **July 1, 2025**
    a) Established additional requirements concerning manufacturer hemp products and hemp flower.
    b) Again revises definitions related to cannabis and hemp.
- **2025 - Public Act 25-166** – enacted **July 1, 2025:** Established a Statewide Cannabis and Hemp Policy Board to identify "enforcement opportunities".

12. Initially, after enactment of the 2018 Farm Bill, approximately 119 hemp farming and processing licenses were issued by the State of Connecticut.

13. Presently, approximately only 25 hemp licenses remain active. This reduction is a direct result of Connecticut's failure to adhere to both the requirements of the 2018 Farm Bill and the CT Hemp Plan.

14. The State of Connecticut has never modified or amended, and upon information and belief, has never sought amendment or modification of the federally approved USDA CT Hemp Plan.

15. The USDA and the 2018 Farm Bill only permit state regulation of the production of hemp if such regulation is undertaken in accordance with a USDA approved hemp plan. Otherwise, hemp farming regulation defaults to the USDA.

16. Connecticut's current laws regarding hemp are in direct contradiction to and are in abrogation of both the 2018 Farm Bill and the USDA approved CT Hemp Plan.

17. Each of the Plaintiff's has been directly harmed by the State of Connecticut's failure to comply with the 2018 Farm Bill and the USDA approved CT Hemp Plan.

18. Each hemp license held by the Plainitffs has been directly impaired by the State of Connecticut's failure to comply with the 2018 Farm Bill and the USDA approved CT Hemp Plan.

19. Plaintiffs seek: 1) a declaration that Connecticut must define hemp as set forth in the CT Hemp Plan and 2018 Farm Bill; 2) a declaration that Defendants must comply with the CT Hemp Plan as filed and permit Plaintiffs to grow and produce hemp as hemp is defined in the 2018 Farm Bill and the CT Hemp Plan; 3) to enjoin Defendants from preventing Plaintiffs from farming and manufacturing hemp grown in accordance with CT Hemp Plan and 2018 Farm Bill; and 4) to enjoin Defendants from impermissibly infringing upon the Plaintiffs' property rights in any licenses issued by the State of Connecticut related to the farming and production of hemp.

## PARTIES

20. Plaintiff Goodenough is a State of Connecticut hemp license holder and is an individual with a business address of 215A Chaplin Road, Eastford, Connecticut 06424 and has standing to bring this action.

21. Plaintiff Cugno is a State of Connecticut hemp license holder and is an individual with a business address of 102 Prospect Hill Rd, Colchester, Connecticut 06415 and has standing to bring this action.

22. Plaintiff Sotil is a State of Connecticut hemp license holder and is an individual with a business address of 426 S Grand Street, Suffield, Connecticut 06078 and has standing to bring this action.

23. Plaintiff Plude is a State of Connecticut hemp license holder and is an individual with a business address of 165 Derby Avenue, Seymour, Connecticut 06483 and has standing to bring this action.

24. Plaintiff Wells is a State of Connecticut hemp license holder and is Connecticut limited liability company with a business address of 513 Wormwood Hill Road, Mansfield Center,

Connecticut and has standing to bring this action.

25. Defendant NED LAMONT is the Governor of the State of Connecticut, with business address of 210 Capitol Avenue, Hartford, CT 06106.

26. Defendant WILLIAM TONG is the Attorney General of the State of Connecticut, with a business address of 165 Capital Avenue, Hartford, CT 06106.

27. Defendant PATRICK J. GRIFFIN is the Chief State's Attorney for the State of Connecticut, with a business address of 300 Corporate Place, Rocky Hill, CT 06067.

28. Defendant BRYAN CAFFERELLI is the Commissioner of the Department of Consumer Protection for the State of Connecticut, with a business address of 450 Columbus Blvd., Suite 901, Hartford CT 06103.

## JURISDICTION AND VENUE

29. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343 in that this action arises under federal law.

30. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

31. Injunctive and declaratory relief is authorized by 28 U.S.C. § 2201.

## STATEMENT OF APPLICABLE FACTS COMMON TO ALL COUNTS

### A. Hemp in Brief

32. The *Cannabis sativa L.* plant produces both hemp and marijuana.

33. Under the 2018 Farm Bill, hemp is defined as "the plant *Cannabis sativa L.* and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether farming or not, **with a delta-9**

**tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis**." (emphasis added) 7 U.S.C. § 1639o.

34. The hemp component of the *Cannabis sativa L.* plant includes important non-intoxicating cannabinoid *isomers* including CBD, CBG, CBC, THCv, and their acidic versions.

35. According to the Food and Drug Administration (the "FDA"), "[c]annabis is a plant of the Cannabaceae family and contains more than 80 biologically active chemical compounds," including tetrahydrocannabinol ("THC"). (Scientific Data and Information About Products Containing Cannabis or Cannabis-Derived Compounds; Public Hearing; Request for Comments, 84 Fed. Reg. 12969, 12970 (Apr. 3, 2019). (**See Exhibit B**)

36. The THC components of the *Cannabis sativa L.* plant have several cannabinoid *isomers,* including delta-8 ("Delta-8 THC"), delta-9 ("Delta-9 THC"), and delta-10 ("Delta-10 THC").

37. Delta-9 THC is the most commonly known cannabinoid and is the principal psychoactive agent in cannabis and distinguishes marijuana[1] from hemp.

38. Under the 2018 Farm Bill, hemp is legally distinct from marijuana, and hemp consists of *everything* **with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."** 7 U.S.C. § 1639o(1) 2022

**B. Applicable Federal Law**

[1] "The Agriculture Improvement Act of 2018, Pub. L. No. 115-334, 132 Stat. 4490, removed "hemp" from the definition of marijuana. 21 U.S.C. § 802(16)(B). As defined by the Act, hemp means "any part" and "all derivatives" of the cannabis plant "**with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."** 7 U.S.C. § 1639o(1). 2022

**1. <u>The 2018 Farm Bill</u>**

39. The 2018 Farm Bill removed Hemp from the Controlled Substances Act. 7 U.S.C. § 1639o(1) & 21 U.S.C. § 802(16)(B)(i).

40. In the 2018 Farm Bill, classification as hemp depends only on the concentration of Delta-9 THC.

41. The 2018 Farm Bill governs how states like Connecticut may regulate hemp and includes both anti-preemption and preemption provisions.

42. States may only regulate hemp production within that state in accordance with a federal USDA approved hemp plan.

43. The 2018 Farm Bill also prevents the states from circumventing its provisions through laws that attempt to change the definition of federal definition of hemp. The Conference Report to the 2018 Farm Bill, H. Rept. 115-1072 - AGRICULTURE IMPROVEMENT ACT OF 2018, a part of the 2018 Farn Bill itself, makes clear that in regulating hemp and hemp related products, states like Connecticut shall not alter the ***definition*** of hemp set out in the 2018 Farm Bill:

> In Sec. 297B, the Managers intend to authorize states and tribal governments to submit a state plan to the Secretary for approval to have primary regulatory authority over the farming and production of hemp. The Managers do not intend to limit what states and tribal governments include in their state or tribal plan, as long as it is consistent with this subtitle. **For example, states and tribal governments are authorized to put more restrictive parameters on the production of hemp, but are not authorized to alter the definition of hemp** or put in place policies that are less restrictive than this title. (emphasis added) (p. 737; https://www.govinfo.gov/app/details/CRPT-115hrpt1072/context).

**2. The USDA**

44. The 2018 Farm Bill directed USDA to establish a national regulatory framework for hemp production in the United States. See https://www.ams.usda.gov/rules-regulations/hemp/HempLawsandRegulations.

45. The USDA published a final rule on January 19, 2021, that provides regulations for the production of hemp in the United States and became effective on March 22, 2021. See https://www.ecfr.gov/current/title-7/subtitle-B/chapter-IX/part-990

46. As required by the 2018 Farm Bill, the USDA developed a system in which states and Indian tribes submit plans to USDA for approval to administer hemp production in their areas. States or Tribal hemp production plans must include the elements as outlined in the Requirements for State and Tribal Hemp Plans and License Numbering Scheme (See **Exhibit C**).

47. A state's plan may include other practices or procedures as long as consistent with the USDA requirements and the 2018 Farm Bill.

48. All state-issued hemp licenses must be in accord with that particular state's USDA approved hemp plan.

49. Absent a USDA approved state-plan, the regulation of hemp production defaults to the USDA.

**C. Relevant Connecticut Law**

50. Conn. Gen. Stat. § 22-61n governs the manufacture, marketing, cultivation and storage of hemp and hemp products in the state of Connecticut.

51. Conn. Gen. Stat. § 22-61l adopts the 2018 Farm Bill definitions of, among other things, hemp and marijuana:

(a) For the purpose of this section and section 22-61m, the following terms have the same meaning as provided in 7 CFR 990.1, as amended from time to time: "Acceptable hemp THC level", "Agricultural marketing service", "Audit", "Cannabis", "Conviction", "Corrective action plan", "Culpable mental state greater than negligence", "Decarboxylated", "Decarboxylation", "Disposal", "Dry weight basis", "Gas chromatography", "Geospatial location", "Handle", "Liquid chromatography", "Immature plants", "Information sharing system", "Measurement of uncertainty", "Negligence", "Phytocannabinoid", "Postdecarboxylation", "Remediation", "Reverse distributor" and "Total THC";

…

(a)(7) "Hemp" has the same meaning as provided in the federal act[the 2018 Farm Bill] ;

(a)(8) "Hemp products" means all manufacturer hemp products and producer hemp products.

52. Starting in 2023, in conflict with Conn. Gen. Stat. § 22-61l, Connecticut has enacted a myriad of laws that attempt to redefine hemp in violation of the 2018 Farm Bill, including the most recent Public Act 25-101.

53. Presently, the State of Connecticut advises potential hemp farmers that they must follow the CT Hemp Plan. See https://portal.ct.gov/DOAG/Regulatory/Regulatory/CT-Dept-of-Ag-Hemp-Producer-Application-and-Licensing.

54. The approved CT Hemp Plan defines hemp in accordance with the 2018 Farm Bill.

55. Many laws in the State of Connecticut, however, contradict the CT Hemp Plan and define hemp differently than in the 2018 Farm Bill.

56. Under the present state of the hemp laws in Connecticut, Plaintiffs' compliance with the 2018 Farm Bill and the CT Hemp Plan actually violate current Connecticut law.

## COUNT ONE
## DECLARATION THAT HEMP IS DEFINED SOLELY BY THE 2018 FARM BILL

57. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

58. The 2018 Farm Bill legalized hemp and all products derived from hemp so long as such products do not contain a Delta-9 THC concentration that exceeds 0.3 percent on a dry weight basis.

59. The Farm Bill allows hemp to contain any amount of Delta-8 and Delta-10.

60. The State of Connecticut has adopted the 2018 Farm Bill definition of hemp in Conn. Gen. Stat. § 22-61l and in the CT Hemp Plan.

61. However, in other statutes, Connecticut has departed from the 2018 Farm Bill definition of hemp.

62. Connecticut now has something called "moderate THC hemp" and "high THC hemp."

63. The 2018 Farm Bill does not allow for hemp to be defined as anything other than "any part" and "all derivatives" of the cannabis plant **with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.**

64. "As required by the 2018 Farm Bill, USDA developed the U.S. Domestic Hemp Production Program to provide regulatory oversight of the cultivation of hemp in the United States". See https://www.ams.usda.gov/rules-regulations/hemp.

65. Connecticut's attempt to change the definition of hemp violates the applicable federal law.

66. Plaintiffs have been harmed by Connecticut's redefinition of hemp in derogation of the federal definition of hemp as set out in the 2018 Farm Bill, as accepted by the USDA and the CT Hemp Plan as accepted by the USDA.

67. Plaintiffs are prevented by Connecticut law from farming and producing hemp in a

manner consistent with federal law and the CT Hemp Plan.

68. Plaintiffs are entitled to a declaration that hemp shall be defined only as set out in the 2018 Farm Bill.

**COUNT TWO**
**DECLARATION THAT DEFENDANTS MUST COMPLY WITH THE CT HEMP PLAN AS FILED AND PERMIT PLAINTIFFS TO GROW AND PRODUCE HEMP AS HEMP IS DEFINED IN THE 2018 FARM BILL AND THE CT HEMP PLAN**

69. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

70. "The 2018 Farm Bill directed USDA to establish a national regulatory framework for hemp production in the United States." See https://www.ams.usda.gov/rules-regulations/hemp/HempLawsandRegulations.

71. The USDA is responsible for the oversight of all hemp production in the United States. ("**As required by the 2018 Farm Bill, USDA developed the U.S. Domestic Hemp Production Program to provide regulatory oversight of the cultivation of hemp in the United States**". See https://www.ams.usda.gov/rules-regulations/hemp)

72. Connecticut filed the CT Hemp Plan, which was accepted and approved by the USDA. See https://www.ams.usda.gov/rules-regulations/hemp/state-and-tribal-plan-review.

73. Connecticut has failed to comply with its own CT Hemp Plan.

74. Connecticut has changed the definition of hemp in a manner that is inconsistent with the federally accepted definition of hemp as set forth in the 2018 Farm Bill and as expressly adopted by the USDA.

75. Connecticut's redefinition of hemp and deviation from the USDA approved CT Hemp plan is unlawful.

76. Plaintiffs have been harmed by Connecticut's failure to adhere to the 2018 Farm Bill and the CT Hemp Plan as accepted and approved by the USDA.

77. Plaintiffs are prevented by Connecticut law from farming and producing hemp in a manner consistent with federal law and the CT Hemp Plan.

78. Plaintiffs are entitled to a declaration that Connecticut must comply with federal hemp laws, the 2018 Farm Bill, the USDA hemp rules and specifically the CT Hemp Plan.

**COUNT THREE**
**DEFENDANTS MUST BE ENJOINED FROM PREVENTING PLAINTIFFS FROM FARMING AND PRODUCING HEMP IN ACCORDANCE WITH CT HEMP PLAN AND 2018 FARM BILL**

79. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

80. "The 2018 Farm Bill directed USDA to establish a national regulatory framework for hemp production in the United States." See https://www.ams.usda.gov/rules-regulations/hemp/HempLawsandRegulations.

81. The USDA is responsible for the oversight of all hemp production in the United States. ("As required by the 2018 Farm Bill, USDA developed the U.S. Domestic Hemp Production Program to provide regulatory oversight of the cultivation of hemp in the United States". See https://www.ams.usda.gov/rules-regulations/hemp)

82. Connecticut filed the CT Hemp Plan that was accepted and approved by the USDA. See https://www.ams.usda.gov/rules-regulations/hemp/state-and-tribal-plan-review.

83. Connecticut has failed to comply with its own CT Hemp Plan.

84. Connecticut has changed the definition of hemp that is inconsistent with the

federally accepted definition of hemp as set forth in the 2018 Farm Bill and as expressly adopted by the USDA.

85. Connecticut's redefinition of hemp and deviation from its USA approved CT Hemp plan is unlawful.

86. Connecticut has unlawfully enacted laws preventing the Plaintiffs from farming and producing hemp in accordance with the 2018 Farm Bill and CT Hemp Plan.

87. Plaintiffs have been harmed by Connecticut's laws what prevent them from farming and producing hemp in accordance with the 2018 Farm Bill and the USDA approved CT Hemp Plan.

88. Plaintiffs are prevented by Connecticut law from farming and producing hemp in a manner consistent with federal law and the CT Hemp Plan.

89. Plaintiffs are entitled to a declaration that Connecticut must comply with federal hemp laws, including specifically the CT Hemp Plan, and allow Plaintiffs to grow and produce hemp in accordance with those laws and the USDA approved CT Hemp Plan.

**COUNT FOUR**

**DEFENDANTS MUST BE ENJOINED FROM IMPERMISSIBLY INFRINGING UPON THE PLAINTIFFS' PROPERTY RIGHTS IN ANY LICENSES ISSUED BY THE STATE OF CONNECTICUT RELATED TO THE FARMING AND PRODUCTION OF HEMP(PROCEDURAL DUE PROCESS)**

90. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

91. Plaintiffs were issued hemp licenses by the State of Connecticut in accordance with state law as set forth in the CT Hemp Plan approved by the USDA.

92. Plaintiffs have property interests in those licenses cognizable by the Due Process

Clause of the Constitution. See Adoption Servs. of Conn., Inc. v. Ragaglia, 178 F. Supp. 2d 139, 146 (D. Conn. 2001); Bell v. Burson, 402 U.S. 535, 539, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971) ("Once licenses are issued, . . . their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses . . . involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.").

93. Plaintiffs have legitimate claims of entitlement to their state-issued hemp licenses.

94. Plaintiffs' hemp licenses affect their rights to pursue an occupation and are property rights.

95. Plaintiffs' property rights in their state-issued hemp licenses are protected by the Due Process Clause of the United States Constitution. See Board of Regents v. Roth, 408 U.S. 564, 577, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972).

96. Defendants have improperly infringed upon Plaintiffs' protected property rights in their state-issued hemp licenses.

97. Plaintiffs have been harmed by the infringement of their protected property rights.

98. Plaintiffs are prevented by Connecticut law from farming and producing hemp in a manner consistent with federal law and the CT Hemp Plan and their state-issued hemp licenses.

99. Plaintiffs are entitled to an order enjoining Defendants from infringing upon Plaintiffs' property rights in their state-issued hemp licenses.

**COUNT FIVE**
**INJUNCTIVE RELIEF**

100. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

101. Plaintiffs are likely to succeed on the merits of this action.

102. Plaintiffs have no adequate remedy at law and face irreparable harm.

103. The balance of harms weighs in favor of Plaintiffs, as the injunction will not harm Defendants; it will simply place Connecticut's laws back into compliance with federal law, the 2018 Farm Bill and the CT Hemp Plan.

104. An injunction is in the best public interest.

105. Plaintiffs are entitled to the issuance of relief in the form of an immediate temporary restraining order preventing the further infringement of their property rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request an order from this Court granting the following relief:

a) a declaration that hemp shall be defined only as set out in the 2018 Farm Bill;

b) a declaration that Connecticut must comply with federal hemp laws, the 2018 Farm Bill, the USDA hemp rules and specifically the CT Hemp Plan;

c) a declaration that Connecticut must comply with federal hemp laws, including specifically the CT Hemp Plan, and allow Plaintiffs to grow and produce hemp in accordance with those laws and the USDA approved CT Hemp Plan;

d) an order enjoining Defendants from infringing upon Plaintiffs' property rights in their state-issued hemp licenses;

e) an immediate temporary restraining order preventing the further infringement of Plaintiffs' property rights;

f) an award of the costs and reasonable attorney fees incurred in connection with this

action; and

g) granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated August 26, 2025

Respectfully submitted,

GENEVIEVE PARK TAYLOR
SOUND LEGAL LLC
986 Essex Road Unit 3
Westbrook, CT 06498
860-245-1555
genevieve@soundlegalct.com
*Attorney for Plaintiffs*
CT20824