**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MICHAEL GOODENOUGH, ET AL., Plaintiffs, | : | CIVIL CASE NO. 3:25-CV-1371 (JCH) |
| v. | : | |
| | : | SEPTEMBER 8, 2026 |
| NED LAMONT, ET AL., Defendants. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 21)**

## I. INTRODUCTION

The plaintiffs, Michael Goodenough, Darren Cugno, Ricardo Sotil, Norman Plude, and Wells Logging LLC ("Farmers"), filed this action against the defendants, Ned Lamont, Governor of the State of Connecticut; William Tong, Attorney General of the State of Connecticut; Patrick J. Griffin, Chief State's Attorney for the State of Connecticut; and Bryan Cafferelli, Commissioner of the Department of Consumer Protection for the State of Connecticut (together, "the State Defendants"). The Farmers are seeking declaratory and injunctive relief arising from Connecticut's regulation of hemp. See Complaint ("Compl.") (Doc. No. 1). The Farmers are hemp farmers and processors, who hold licenses, issued by the State under the USDA-approved Connecticut Hemp Plan (12/17/21) to cultivate and process hemp. Id. ¶¶ 7–8. They allege that a series of Public Acts, Public Acts 23-79, 23-166, 24-76, 25-101, and 25-166 ("Public Acts"), are preempted by the federal Agriculture Improvement Act of 2018, and that the State's enforcement of those Acts has infringed upon their property rights in their Hemp Licenses. Id. at ¶ 19.

Before the court is the State's Motion to Dismiss. See Defendants' Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 21); see also Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def.'s Mem.") (Doc. No. 21-1). The Farmers filed an objection. See Plaintiffs' Objection to Defendants' Motion to Dismiss ("Pltf's Opp'n") (Doc. No. 24). The State Defendants filed a reply. See Defendants' Reply to Plaintiffs' Objection to Motion to Dismiss ("Def.'s Reply") (Doc. No. 27).

For the reasons stated below, the court grants the State Defendants' Motion to Dismiss (Doc. No. 21).

## II. BACKGROUND

The federal 2018 Farm Bill removed hemp from the Controlled Substances Act and defined it as "the plant Cannabis sativa L. and any part of that plant, including the seeds . . . and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 [THC] concentration of not more than 0.3 percent on a dry weight basis." See 7 U.S.C. Section 1639o(1). This Act authorized States to submit hemp production plans to the USDA for approval and to exercise primary regulatory authority over hemp production consistent with the Act. See 7 U.S.C. Section 1639p. Connecticut submitted and received approval for the Connecticut Hemp Plan, in which Plan hemp is defined as consistent with federal laws for the purposes of agricultural production, with enforcement by the Commissioner of Agriculture. See Conn. Gen. Stat. Section 22-61l; Mot. to Dismiss at 2-3.

After the passage of the 2018 Farm Bill, the sale of intoxicating hemp derived products, specifically delta-8 THC products sold in convenience stores and sometimes appealing to children, proliferated. See Mot. to Dismiss at 9-10. As a countermeasure, Connecticut enacted a series of new laws, the Public Acts at issue here. These Public

Acts created a regulatory scheme for high and moderate THC hemp products, including restrictions on where the products are sold and regulating synthetic cannabinoids. See Compl. at ¶ 11. These Acts modified Conn. Gen. Stat. Section 21a-240 et seq., the statutes governing the sale of consumable hemp products, but importantly, did not alter Conn. Gen. Stat. Section 22-61l, the Connecticut Hemp Plan or the definition of hemp as it applies to agricultural production and as consistent with federal law. See Def.'s Mem. at 18-19, 23-24.

The Farmers hold hemp licenses that were issued under the Connecticut Hemp Plan. See Compl. at ¶ 7. They self-identify as farmers and processors of hemp; none of them are alleged to be retailers of consumable hemp products. See generally Compl.; Def.'s Reply at 2.

## III. LEGAL STANDARD

### A. 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff bears the burden of proving the existence of subject matter jurisdiction. See Makarova, 201 F.3d at 113. In determining whether a plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 57 (2d Cir. 2016); Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). The court may also rely on evidence outside a complaint in deciding a Rule 12(b)(1) motion. See Makarova, 201 F.3d at 113.

B. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Reviewing a motion to dismiss under Rule 12(b)(6), the court liberally construes the claims, accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the non-movant's favor. See La Liberte v. Reid, 966 F.3d 79, 85 (2d Cir. 2020). However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. In deciding a motion to dismiss under Rule 12(b)(6), a complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## IV. DISCUSSION

C. No Standing Exists

As the party who invokes federal jurisdiction, the Farmers bear the burden of demonstrating that they have standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555 at 561 (1992). Standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim they press and for each form of relief they seek.

See TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). "A plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." See id. at 423 (citing Lujan, 504 U.S. 555 at 555, 560-61). If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." See Casillas v. Madison Avenue Assocs., Inc., 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.).

The core of the argument presented by the Farmers is that Connecticut has impermissibly changed the definition of "hemp" under state law, so it is now inconsistent with federal law. See Compl. ¶ 65 ("Connecticut's attempt to change the definition of hemp violates the applicable federal law"). However, the Farmers are hemp "farmers and processors."[1] See Compl. at 2. The laws at issue address hemp sales. There is nothing in the Complaint which plausibly alleges how any of these Acts harm the Farmers. Therefore, the Farmers fail to allege two essential elements of standing: (1) injury, and (2) traceability. See TransUnion, 594 U.S. 413 at 423.

1. Alleged Injury

The State Defendants argue that the Farmers allege a violation of a federal statute, but not a concrete injury or injuries. See Mot. to Dismiss at 21. They argue that

[1] Mr. Goodenough is a "farmer". See Compl. at ¶ 2. Mr. Cugno operates a small farm. Id. at ¶ 3. Mr. Sotil is a hemp processor. Id. at ¶ 4. Mr. Plude is a hemp farmer. Id. at ¶ 5. Wells Logging LLC runs the "largest Connecticut licensed hemp farm." Id. at ¶ 6.

the Connecticut laws at issue[2] are not alleged by the Farmers to have caused an injury to the Farmers themselves. Id. at 21-22.

"Congress's creation of a statutory prohibition or obligation . . . does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm . . . . For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." See TransUnion, 594 U.S. 413 at 426-27. "[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." Id. (emphasis in original).

An injury must be a legally protected interest. See Maddox v. Bank of New York Mellon Trust Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021). "To demonstrate injury in fact, a plaintiff must show the invasion of a (1) legally protected interest that is (2) concrete and (3) particularized and (4) actual or imminent, not conjectural or hypothetical." Id.

The Farmers argue that they have alleged injuries in their business interests and their property rights in their Connecticut-issued hemp licenses. See Pltf's Opp'n at 4-5. Specifically, the Farmers argue that they have alleged a real injury in their ability to use their hemp licenses, and that they have a personal stake in the controversy, and thus an injury in fact. Id. Additionally, the Farmers argue that facts they have pled, including a reduction in cultivation acres and stranded investment in processing equipment

[2] Public Act 23-79 (introducing classifications for high-THC hemp products), Public Act 24-76 (classifications of moderate-THC hemp products and infused beverages), Public Act 23-166 (hemp products sold through cannabis dispensaries and hybrid retailers), and Public Act 24-76 (banning synthetic cannabinoids).

resulting from Connecticut's wrongful attempt to change the definition of hemp, must be taken by the court as true and support the Farmers' claims of injury to their hemp licenses. Id. at 5-6.

The Farmers have alleged violations of a federal statute, but the Farmers have not alleged an injury, i.e., how these violations specifically harm the Farmers. The Farmers allege various violations regarding the Connecticut law in their Complaint. See Compl. at ¶ 11. For example, the Farmers allege that Public Act 23-79 introduced "classifications for high-THC hemp, with thresholds varying by product type . . . in violation of the 2018 Farm Bill and CT Hemp Plan." Id. The Farmers additionally allege that Public Act 23-166 allowed "hemp-derived products to be sold through cannabis dispensaries and hybrid retailers, in violation of the 2018 Farm Bill." Id. Nowhere in their Complaint do the Farmers allege a harm they suffered from these Acts.

Other allegations by the Farmers are in a similar pattern. They allege that Public Act 24-76 "created" the classifications of "moderate-THC hemp [products]" and "infused beverages," but again fail to allege how they are affected. Id. Likewise, the Farmers allege that Public Act 24-76 "[b]anned synthetic cannabinoids," but the Farmers do not allege they produce or sell synthetic cannabinoids. Id. Finally, the Farmers allege that Public Act 25-166 establishes a Cannabis Board. Id. The Farmers do not allege how the Board's creation has or will harm them. The Farmers have not alleged any concrete injury attributable to the statutes challenged or actions taken by any of the State Defendants.

The Farmers in their Opposition assert two purportedly concrete injuries in their Complaint: (1) the reduction of a cultivation area of hemp, and (2) stranded investment

in processing equipment. See Compl. at ¶¶ 4, 5. However, neither of these assertions is a concrete injury. For example, the Farmers do not identify why the reduction in cultivation acres was undertaken and how the reduction was related to or caused by the challenged laws. Similarly, the Farmers do not allege in the Complaint why the equipment was stranded or unusable.[3]

Furthermore, the State Defendants argue that the Farmers have not identified a legally protected interest. See Mot. to Dismiss at 22. Specifically, the State Defendants argue that the Farmers' allegations of injury are vague, and the Farmers do not allege an inability to farm or produce hemp. Id. at 22-23. The Farmers counter that they have a property interest in their hemp licenses, and their incomes have been negatively impacted by Connecticut's failure to enforce the federal definition of hemp under the Connecticut Hemp Plan. See Pltf's Opp'n at 7.

The Farmers have not alleged any injury that meets the required standard of a legally protected interest. See, supra, at 5. The Farmers allege that they "are prevented by Connecticut law from farming and producing hemp in a manner consistent with federal law and the CT Hemp Plan." See Compl. at ¶ 67. Nothing in the Public Acts at issue prevent farming or producing hemp: they are primarily focused on consumer sales.

[3] The Farmers in their Opposition do add additional facts. The Farmers state that one plaintiff "invested over $1 million in processing equipment now stranded by the wrongful changes to the state definition of hemp." See Pltf's Opp'n at 5. This description does not match the allegation in the Complaint. Compare Pltf's Opp'n at 5 with Compl. at ¶ 4 ("invested over a million dollars to obtain equipment in order to process hemp under a hemp processing license").

The Complaint cannot be amended with newly alleged facts contained in the Farmers' Opposition. See Aldrich v. Town of Bloomfield, No. 3:17-CV-00581(VLB), 2018 U.S. Dist. LEXIS 28451, *13 (D. Conn. Feb. 22, 2018). The $1 million purchase of equipment as alleged in the Complaint, is not, by itself, an injury. Even if the Complaint were "amended" by their Opposition, the Framers would still have failed to assert a concrete injury traceable to the complained-of legislation.

Further, even if the Complaint is deemed “amended” by their Opposition, the Farmers still have failed to assert a concrete injury traceable to the complained of legislation.

The Farmers do not allege an inability to farm, but allege their licenses are impaired or lessened. See Compl. at ¶ 96 (“Defendants have improperly infringed upon Plaintiffs’ protected property rights in their state-issued hemp licenses.”); Compl. at ¶ 94 (“Plaintiffs’ hemp licenses affect their right to pursue an occupation and are property rights.”). However, the Farmers admit they still have their licenses; there are no allegations the State has revoked or removed the licenses. See Compl. at ¶ 7. A nebulous decrease in the value of a hemp license is not enough to give rise to a due process claim: a complete revocation or suspension of a license is required to rise to a violation of due process. See Progressive Credit Union v. City of New York, 889 F.3d 40, 53 (2d Cir. 2018) (decrease of taxi value medallions is not something that violates the Due Process Clause); NYTDA, Inc. v. City of New York, No. 19-CV-6445(EK)(VMS), 2022 WL 824147, at *8 (E.D.N.Y. Mar. 18, 2022) (“[c]ourts have held that citizens possess a “property interest” in certain professional licenses . . . however, plaintiffs must establish a complete prohibition of the right to engage in a calling”) (internal quotation marks removed). There is nothing in the Complaint which alleges that the licenses have been completely revoked or suspended. Therefore, any property rights the Farmers have in their licenses have not been infringed upon.

Having failed to allege a concrete injury, the Farmers have not established standing. The case is dismissed on this ground.

2. No Traceability Injury

The State Defendants also argue that the injuries are not traceable to any violations because the alleged violations have nothing to do with farming or producing hemp products which are regulated under a different statute. Id. at 24. The Farmers counter that they have a property interest in their hemp licenses, and their incomes have been negatively impacted by Connecticut's failure to enforce the definition of hemp under the Connecticut Hemp Plan. See Pltf's Opp'n at 7. Thus, the Farmers argue their injury is traceable to the challenged laws.

An injury must be traceable to the challenged conduct of the defendant. See Lujan, 504 U.S. 555 at 605. Here the Farmers have not demonstrated how any injury is traceable to the statutory violations which they have alleged. The farming and production of hemp, which is what the Farmers claim has been injured, see Compl. at ¶ 67, is governed by Conn. Gen. Stat. § 22-61l. None of the Public Acts at issue address section 22-61l. The Public Acts which the Farmers allege have violated their rights have little to do with the farming and producing of hemp. For example, the Farmers allege that Public Act 23-79 and 24-76 created various classifications of hemp products. See Compl. at ¶ 11. These acts did not modify section 22-61(l). In relevant part, section 21a-240, et seq., only imposes basic licensing procedures, sales restrictions, record-keeping requirements, and labeling rules for hemp farmers and producers. See Conn. Gen. Stat. section 21a-246 (licensing procedures), section 21a-448 (sales to permitted entities), section 21a-254 (record keeping), and section 21a-256 (labeling). None of the provisions related to hemp farmers or producers were altered in any way by the Public Acts challenged by Plaintiffs. See Mot. to Dismiss at 24. The Farmers have failed to identify how the challenged Public Acts 23-79, 23-166, 24-76, 25-101, and 25-

166, which regulate hemp-derived consumable products, prevent them from complying with Conn. Gen. Stat. § 22-61l or engaging in their farming and processing of hemp.[4] It appears to this court that the Farmers are conflating the laws that govern the cultivation of hemp with the statutes that govern the sale of consumable hemp products. The Farmers have not adequately pled traceability. Thus, the case is dismissed on the grounds of traceability.

3. No Prospective Relief

For the purposes of Article III standing, a plaintiff must plausibly allege a substantial risk that such an injury will happen in the near future. See Doe v. Hochul, 139 F.4th 165, 187 (2d Cir. 2025). The Farmers have failed to explain how exactly they have been harmed by the statutory regime. Additionally, it is unclear whether any claimed future harm will occur automatically, will be an enforcement action, or point to a potential time in the future when a chance of harm would occur. The Farmers have not pled any near future impending harm. The Farmers have not adequately pled any impending harm.

Therefore, the case is dismissed for failure to demonstrate a concrete harm sufficient for Article III standing.

---

[4] The State Defendants' position is that, for the purposes of cultivation, hemp is defined by total THC levels, which is fully consistent with the 2018 Farm Bill and the Public Acts. See Def's Reply at 4.

4. Failure to Sue the Correct Defendants

The Farmers have also failed to sue the correct defendants. The Farmers instead rely on an abstract enforcement power of the State Defendants and do not identify a "particular duty to enforce the statute in question" nor a "willingness to exercise that duty" for any of the State Defendants. See Connecticut Ass'n of Health Care Facilities, Inc. v. Rell, No. 3:10CV136 PCD, 2010 WL 2232693, at *5 (D. Conn. June 3, 2010), aff'd sub nom. Connecticut Ass'n of Healthcare Facilities, Inc. v. Rell, 395 F. App'x 741 (2d Cir. 2010). The Farmers have not identified how any of the challenged acts, which regulate hemp-derived consumable products, prevent them from complying with Conn. Gen. Stat. § 22-61l. None of the State Defendants have a particular duty to enforce this statute. Therefore, they are not proper parties. The Commissioner of Agriculture, not the State Defendants, appears to have the authority to enforce Conn. Gen. Stat. § 22-61l. See Conn. Gen. Stat. § 22-61l(H)(3)(4)(d) ("the commissioner shall have the authority to enforce the federal act . . . [and] the state plan"). The Farmers have not adequately pled traceability to the named State Defendants. Therefore, the case is dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

D. Remaining Arguments

The court notes that the Farmers' claims appears to be imminently moot. On November 12, 2025, a new federal law was passed to define hemp by reference to its total THC concentration (including tetrahydrocannabinolic acid) rather than simply the delta-9 THC concentration. See P.L. 119-37 (amending the definition of hemp under section 1639o of Title 7 of the U.S. Code). This is the precise definitional distinction which is the basis for the Farmers' claims in this case. When this new law takes effect

in November 2026, less than 3 months after this Ruling, the federal government will adopt a hemp definition which is equivalent to, if not more restrictive, than the Connecticut definition which is being challenged. When that occurs, the Farmers would not be able to obtain any meaningful benefit from the relief they seek. See Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 119 (2d Cir. 2001) (if the dispute should dissolve at any time due to a change in circumstances, the case becomes moot). Indeed, the Farmers appear to concede it. See Opposition at 13-14.[5]

## V. CONCLUSION

The court grants the State Defendants' Motion to Dismiss (Doc. No. 21). In light of having failed to sue any defendants who could render relief if the Farmers prevailed and having failed to establish neither of the standing requirement prongs, and seeking relief based on the issue raised by the Farmers that will be moot in under three months, the court does not grant the Farmers the right to replead.[6]

**SO ORDERED.**

Dated at New Haven, Connecticut this 8th day of September 2026.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

[5] The Farmers reference a possible change in federal law that they argue will result in this claim not being mooted. However, they cite no legislation introduced in Congress. See id.

[6] If the court granted the Farmers a right to replead, even assuming no extensions were sought or granted, a Motion to Dismiss would not be joined until a few weeks before the new law takes effect. Due to this timeframe, the issue raised by the Farmers will be moot.